GEORGE MOLLHOFF, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY.

(Filed September 6, 1905.)

1. MASTER & SERVANT—Negligence of Fellow Servants. An employee is entitled to recover damages for injuries suffered through the personal fault or misconduct of his employer, but when the employer has been personally free from blame and the injury results from the fault or misconduct of a fellow servant, it would seem reasonable that the wrongdoer should be alone responsible, and one who is innocent should not be called upon to pay damages.

2. SAME—Vice Principal, Acts of. A vice principal is on who is charged with or engaged in the performance of one of the positive duties of the master, which the master cannot delegate to another so as to relieve himself from liability; or, who is placed in the absolute control or management of an entire business or of a distinct department of a business; and for the negligent acts of a vice principal whereby an injury results to an employee, the master is liable.

3. **SAME Presumption as to Fellow Servants.** The law presumes that all persons engaged in the common employment of the same master though different in rank are fellow servants, and the burden is on him who claims damages for an injury caused by the negligence of one employed by the same master, to show that his co-employe is a vice principal, and stands in the place of the master.

4. **SAME—Fellow Servants Defined.** The master or employer is not liable for an injury to one employee occasioned by the negligence of another employee engaged in the same general undertaking, and it is not necessary that the servants should be engaged in the same operation or particular work; it is sufficient to bring the case within the general rule of exemption if they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties tending to accomplish the same general purpose, or directed to the accomplishment of the same general end.

5. **SUPREME COURT—Will Follow What Precedents.** In cases involving the application of general propositions of law and not modified or controlled by statutory provisions, it is the policy of this court to adopt and follow the law as laid down by the supreme court of the United States.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before Frank E. Gillette, Trial Judge*

*A. J. Morris,* for plaintiff in error.

*M. A. Low, Blake & Blake* and *H. D. Crosby,* for defendants in error.

Opinion of the court by

BURFORD, C. J. : The plaintiff in error, George Mollhoff, brought this action in the district court of Caddo county to recover damages from the Chicago, Rock Island and Pacific Railway Company for injuries received while in the employ of said company as a laborer. The cause was tried to a jury, and after both sides had introduced their evidence and rested, the court directed a verdict for the defendant.

The principal and controlling question in the cause is, whether the plaintiff's injuries was the result of the negligence of the railway company, or of one of his fellow servants. The plaintiff and five or six other persons were engaged in operating a steam shovel. It was the duty of one person to stand upon the car upon which the shovel was mounted, and operate the machinery which controlled its movements, while the plaintiff and three or four other persons worked on the ground about the place where the dirt was taken from, both at the sides of the car and in front of the shovel. It was the duty of the plaintiff to regulate a jack screw set under a portion of the frame work which supported the shovel when in operation, and also to level off the dirt and remove clods and stones from in front of the place where the shovel was operated. The apparatus constituting the steam shovel consisted of a heavy iron turntable resting upon one end of a movable car; in the center of the turntable was an upright post several feet in height; at the base of this post, attached to the turntable, was a heavy iron beam of considerable length extending at an angle out from the car; near the center of this beam was attached a swinging crane, which had at its outer end a large steel scoop or bucket which carried the dirt; to these parts were attached chains, pulleys, rods, wheels and levers; all so adjusted and connected as to be controlled and operated from the car at the rear of the turntable, and mostly by one person. The process of handling earth with this machine was to lay a railway track alongside an embankment or in a cut, and run the car which carries the machinery and supports the shovel, out to the end of this track, then with a train of dirt cars on a track alongside; the beam carrying the crane and bucket is swung

off to one side or directly in front until the shovel comes in contact with the embankment and is filled by being propelled through the earth. When full the beam is elevated and swung around to the dirt train until the bucket is over one of the cars, when it is emptied by being dumped by the operator.

The plaintiff had been working with this shovel several days, and knew the manner of its operation and the danger of getting in the way of the bucket or shovel in its movements. On the day of the injury the shovel had been for a short time operating at one particular place, and not where it could reach the plaintiff. While he was engaged in leveling the dirt and smoothing down the rough places for the shovel to work over, the operator moved the bucket and swung it around to the place where the plaintiff was working. He failed to see the change in time to seek safety, and was struck by the bucket and pushed back against the car and had his jaw broken, and sustained other slight injuries.

The contention of the plaintiff is that one Butler, who was in charge of the shovel and gang of men, was a vice principal, and that it was through his negligence that the injury resulted to plaintiff. On the question of the relationship of Butler to the company, the evidence was that he was the engineer; that he operated the steam shovel, employed and directed the men who worked with him in the gang, made out their time checks, superintended the work, and discharged men at times. The outfit belonged to the railroad company, was engaged in handling dirt for the railroad company; all were in the employ of the company and looked to it for their pay. There was no evidence showing what Butler's position with the company was, whether officer, manager,

superintendent, overseer or boss. He and his fellow workmen were all laborers engaged in one common undertaking, that of handling earth to be used in repairing the roadbed of the railroad. While it is in evidence that Butler occupied a different grade of employment from that of the plaintiff and his fellow laborers, there is no evidence that the operation of this steam shovel was a separate and exclusive department of the company's business or that Butler was in the absolute control and management of that or any other department of the company's business. The evidence failed to show that he was more than a foreman of a gang of men, the engineer of a piece of machinery, or the conductor of a work train. He was one of the daily laborers with all the others, operating and working with the steam shovel, in accomplishing the end for which they were employed. Counsel for plaintiff in error very aptly and correctly states his position as follows:— "If at the time of the injury, Butler was a vice principal or representative of the defendant in error, then plaintiff in error would have the right under the law, to hold the defendant in error responsible for the negligent acts of Butler which caused the injury. On the other hand, if Butler was not a vice principal of the company, but was a mere fellow servant of the plaintiff in error, then there can be no recovery." Counsel for plaintiff in error is entitled to much commendation for the elaborate and logical manner in which he has collected and presented the numerous decisions of the various courts of last resort upon the question of what is necessary to constitute fellow workmen, fellow servants, so as to relieve the master from liability for their acts of negligence toward each other. But counsel is in error in assuming that this is the "first case presented· to this court

which raises squarely the fellow servant proposition;" yet it may be that at the time counsel's brief was prepared the case of *Ruemmeli-Braun Co. v. Cahill,* 14 Okla. 422, had not been decided by this court. That case did squarely involve the fellow servant proposition, and the court, following the settled policy of this court, that upon general propositions of law, unaffected by legislative enactments it will adopt the law as enunciated by the supreme court of the United States, settled the law of this territory, as we trust, upon sound principles which will insure justice to all affected by it. The propositions determined in that case are, we think, decisive of the case under consideration. It was held in that case that the authorities establish the doctrine that one may become a vice principal only, either when he is performing or charged with one of the positive duties of the master belonging to that class which the master cannot delegate to a subordinate so as to relieve himself from liability for the negligent acts of such subordinate, or where he is placed in the absolute control and management of an entire business, or of a distinct and separate department of a business, and the burden is upon the person alleging that one is a vice principal, to establish the fact that he was clothed with absolute authority of management, and in the absence of such proof it is presumed that all engaged in the common employment of the same master, though different in rank, are fellow servants. In the case at bar the plaintiff failed to establish such facts as would support the reasonable inference that Butler had the entire and exclusive control of a distinct department of the business of the defendant railway company, and in the absence of such proof the presumption is that he and his co-laborers were engaged in the accomplishment of a

common end, were all engaged in the common employment of the same master, and hence fellow servants.

In the case of *New England Railroad Company v. Conroy,* 175 U. S. 323, it was said:

We have no hesitation in holding both upon principle and authority, that the employer is not liable for an injury to one employe occasioned by the negligence of another engaged in the same general undertaking; that it is not necessary that the servant should be engaged in the same operation or particular work; that it is enough to bring the case within the general rule of exemption if they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties tending to accomplish the same general purposes, or, in other words, if the services of each in his particular sphere or department are directed to the accomplishment of the same general end. * * *"

In the case of *Northern Pacific R. R. Co v. Peterson,* 162 U. S. 346, the supreme court of the United States said:

"The rule is that in order to form an exception to the general law of non liability, the person whose neglect caused the injury must be one who was clothed with the control and management of a distinct department, and not a mere separate piece of work in one of the branches of service in a department. This distinction is a plain one and not subject to any great embarrassment in determining the fact in any particular case."

This doctrine was quoted with approval by Mr. Justice Brewer in *Northern Pacific Railway Co. v. Dixon,* 194 U. S. 338. Under the foregoing rule, the burden was upon the plaintiff to show that the work being done by the steam shovel and the gang of men operating it at the time of the accident, was a distinct department of the business of the defendant railway company, and not a separate branch or piece of work of a distinct department, and that the per-

son whose negligence caused the injury was clothed with the control and management of such distinct department. The evidence falls far short of this requirement; all that was attempted to be shown was that the steam shovel was working at a point on the defendant's railroad, that it was being operated for the defendant company; that Butler was the engineer of the steam machinery and apparatus for operating the shovel; that he directed its operations and employed, discharged and directed the men working with him, all of whom were employed and paid by the defendant company, and we are asked to infer from these facts and circumstances that this one steam shovel and its outfit constituted a separate and distinct department of the defendant company's business, and that Butler was clothed with the complete control and management of such department. Such an inference is unwarranted. This point was expressly decided by this court in *Ruemmeli-Braun v. Cahill, supra,* wherein it was said: "Such an one will be deemed a fellow servant with the person injured, even though he has power to employ and discharge hands and to oversee them, view and direct the work, unless his authority in his department is entire and absolute." It is a matter within the common knowledge of all persons of average intelligence, and of which this court takes judicial knowledge, that the Chicago, Rock Island and Pacific Railway Company operates a great system of railways, traversing and reaching out into a dozen states and territories west of the Mississippi River; that the steam shovel is one of the utilities in general use in modern railway construction, improvement and repair, and to hold by inference that so extensive a system, covering so large an area and including thousands of miles of track, had created a

separate department for repairs of its roadway and made it to consist of one steam shovel and half a dozen men, and placed the exclusive control and management of such department under Butler, is to infer the ridiculous.

There was no contention that the company had not exercised reasonable care in providing machinery and appliances that were reasonably safe to work with and a place reasonably safe for one to work in and workmen reasonably competent for their services and reasonably safe to work with. The engineer and operator of the steam shovel and the plaintiff were at the time of the alleged injury fellow servants, and the court committed no error in directing the verdict.

The judgment of the district court of Caddo county is affirmed, at the costs of the plaintiff in error.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.