## TEMPLE NAT. BANK v. JOHNSON.

No. 8055—Opinion Filed Nov. 28, 1916.

(161 Pac. 535.)

### Banks and Banking—National Banks—Recovery of Usury Paid.

A petition against a national bank, filed for the recovery of alleged usurious interest, should contain an allegation that the taking and receiving of the same was knowingly done, or an allegation to an equivalent effect, and where such an averment is lacking it is error to overrule a general demurrer thereto.

(Syllabus by Burford, C.)

Error from District Court, Cotton County; Cham Jones, Judge.

Action by H. M. Johnson against the Temple National Bank to recover penalty for usury. From a judgment for plaintiff, defendant appeals. Reversed, with directions to sustain demurrer to petition.

L. M. Gensman and W. T. Dixon, for plaintiff in error.

I. K. Revelle, for defendant in error.

Opinion by BURFORD, C. This was an action to recover the penalties for usury under section 5198, Rev. St. U. S. (U. S. Comp. St. 1913, sec. 9759), instituted originally in a justice court and, after judgment there.

tried de novo upon appeal to the district court.

The bill of particulars filed by plaintiff contains no allegation that the alleged usury was knowingly charged or received, or any allegation of equivalent import. There was a general demurrer to this bill of particulars, which was overruled and exceptions saved. Upon the trial the court's instructions contained no reference to the fact that usury by a national bank must be knowingly received or charged in order to justify a recovery under the statute. To these instructions defendant duly excepted. Defendant then offered an instruction containing this element, which was refused and exceptions saved. Each of these rulings was clearly error. The cause of action is statutory, and one of the necessary elements of a recovery is that the "taking, receiving, reserving or charging" of the usury shall be "knowingly done." If the petition failed to so allege, it was fatally defective, and, if alleged therein, the defendant had a right, under the statute, to have this question submitted to the jury. First National Bank of Mill Creek v. Ellis, 27 Okla. 699, 114 Pac. 620, Ann. Cas. 1912C, 687; First National Bank v. Landis, 27 Okla. 710, 113 Pac. 718.

The cause should be reversed, with directions to the trial court to set aside the judgment and the order overruling the demurrer to the petition and to sustain said demurrer.

By the Court: It is so ordered.