## PETROLEUM IRON WORKS CO. v. BULLINGTON.

No. 9336—Opinion Filed Dec. 7, 1920.

(Syllabus by the Court.)

### Master and Servant—Relation of Vice Principal.

When the business of a master and employer becomes so vast and diversified that it naturally separates itself into departments of service, the individuals placed by him in charge of these separate branches and departments of service, and given entire and absolute control therein, are properly to be considered, with respect to employes under them, vice principals—representatives of the master—as fully and as completely as if the entire business of the master was by him placed under charge of one superintendent.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by James Bullington against the Petroleum Iron Works Company to recover damages for personal injury. Judgment for plaintiff, and defendant brings error. Affirmed.

Keaton, Wells & Johnston and L. V. Orton, for plaintiff in error.

Edwin R. McNeill, for defendant in error.

HIGGINS, J. This case has heretofore been in this court, 61 Okla. 310, 161 Pac. 538. The pleadings and the evidence, as shown by the record before us, are substantially the same as set forth in the above, and for the sake of brevity will not be repeated.

Bullington, a laborer engaged in roofing an oil tank, was injured and charges the same to the negligent act of his foreman.

The issue herein presented is whether this foreman was a vice principal or superior servant.

Under the previous opinions of this court in actions arising prior to statehood, a master is chargeable for the negligent acts of a vice principal, but not for the negligent acts of a superior servant.

A vice principal is one having the absolute control or management of an entire business or a distinct department thereof. Mollhoff v. C., R. I. & P. R. Co., 15 Okla. 540, 82 Pac. 733.

The issue herein is whether the foreman had absolute control of a distinct department of his master's business.

The evidence tends to prove that the plaintiff in error was erecting about 100 oil tanks of 55,000 barrels capacity each; that the roofing of these tanks was done by a crew ordinarily consisting of 27 or 28 men, of whom Bullington was one; that the materials were furnished to the foreman to roof the tanks, who employed the laborers, discharged them, and directed them in their work.

Neither the foreman nor any officer in authority over him testified, but a witness did testify without objection that the foremen of the crews of men which included the foreman in question, were subject to the orders of a superior officer residing in Pennsylvania and of one residing in Oklahoma; that the one residing in Oklahoma had charge of all the company's business here; that he did not know of either of these officers exercising any authority in the erection of these tanks, but that they had the authority if they saw fit to exercise it. There is no evidence that they did exercise any authority, but there is evidence that they were never seen about the work, and if they ever exercised any authority in reference thereto, the same was unknown to the witnesses who testified.

At the conclusion of the evidence, the court instructed the jury as follows:

"You are instructed that when an employe is placed in general charge of a business or any department thereof, whose duties are exclusively supervisory, control, and direction of the work over subordinate employes engaged therein, whose duty it is to obey him, the master thereby constitutes him a vice-principal, and for any negligent acts or omissions of such vice principal, causing injury, the master is liable, although such vice principal may be subject to the general orders or superintending control of a general manager or other officer."

The plaintiff in error complains and contends the evidence merely showed the foreman to be a superior servant, and not a vice principal, and therefore for that reason the court erred in submitting this instruction to the jury.

The question whether or not the foreman had absolute charge of a department or branch of his master's business may be a question of fact for the determination of a jury.

If the court in the exercise of its best judgment believed that the minds of reasonable men might differ as to whether the foreman had absolute charge of a department of his master's business, then it was justified in giving the above instruction.

In LaBatt's Master and Servant (2nd. Ed.) vol. 4, sec. 1462, it is stated:

"The rationale of the doctrine which declares the master to be responsible for the negligence of a departmental manager indicates that no employe can properly be placed in this category unless he is exercising all the functions which the master himself would exercise, if he were personally supervising the same section of his business."

In Baltimore & O. R. Co. v. Baugh, 149 U. S. 368, 37 L. Ed. 772, it is stated:

"Where the master is a corporation, there can be no negligence on the part of the master except it also be that of some agent or servant, for a corporation only acts through agents. The directors are the managing agents; their negligence must be adjudged the negligence of the corporation, although they are simply agents. So, when they place the entire management of the corporation in the hands of a general superintendent, such general superintendent, though himself only an agent, is almost universally recognized as the representative of the corporation—the master—and his negligence as that of the master. And it is only carrying the same principle a little further and with reasonable application, when it is held that, if the business of the master and employer becomes so vast and diversified that it naturally separates itself into departments of service, the individuals placed by him in charge of those separate branches and departments of service, and given entire and absolute control therein, are properly to be considered, with respect to employes under them, vice-principals—representatives of the master—as fully and as completely as if the entire business of the master was by him placed under charge of one superintendent."

In Howard v. Denver & R. G. R. Co., 26 Fed. 837, it is stated:

"To make one as the controller of a department properly the representative of the master, his duties should be principally those of direction and control. He should have something more than the mere management of machinery; he should have subordinates over whose various actions he has supervision and control, and not a mere assistant to him in his working of machinery. He should have control over an entire department of service, and not simply of a single machine in that service. He should be so lifted up, in the grade and extent of his duties, as to be fairly regarded as the alter ego—the other self—of the master."

Mullan v. Philadelphia and Southern Mail Steamship, 78 Penn. St. 25, 21 Am. Rep. 2, states:

"Where a master places the entire charge of his business, or a distinct branch of it, in the hands of an agent, exercising no discretion and no oversight, the neglect by the agent of ordinary care in supplying and maintaining suitable instrumentalities, is a breach of duty for which the master is liable."

Whether or not the master has thus surrendered to an agent the charge of his business, is a question for the jury.

In this case the foreman was furnished the material by the master, hired and discharged the men, and directed them in their work, the master exercising no discretion or oversight over the same. We believe that this was evidence sufficient to take the case to a jury. The instruction complained of is substantially as given in Choctaw Cotton Oil Co. v. Pope, 47 Okla. 383, 148 Pac. 170.

We find, as the court found when this cause was heretofore passed on as above stated, that there is evidence of negligence sufficient to take the case to a jury.

As to the other assignment of error, that the court gave inconsistent instructions, we find no error.

Judgment affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, BAILEY, and COLLIER, JJ., concur; McNEILL, J., disqualified and not participating.