CHAP-TAN DRILLING CO. et al. v. MYERS.

No. 33201.    Dec. 12, 1950.

*225 P. 2d 373.*

Monnet, Hayes & Brown, of Oklahoma City, and Ezra Dyer, of Ardmore, for plaintiffs in error.

Shilling & Shilling and Ernest W. Tate, all of Ardmore, for defendant in error.

ARNOLD, V.C.J. Essewettah Myers, the widow of Fred H. Myers, deceased, for herself and for the benefit of their three minor children, commenced this action in the district court of Carter county against Chap-Tan Drilling Company, a partnership, no administrator having been appointed. In her petition plaintiff alleged in substance that the relation of employer and employee existed between deceased and defendant; that deceased was employed by defendant as an oil well driller on a lease being developed by defendant; that deceased met his death accidentally while in the discharge of his duties as such employee of defendant and alleged that said accident and the resulting death were proximately caused by the failure of defendant to provide said deceased with adequate and sufficient fellow employees, a reasonably safe place in which to work, and reasonably safe tools and equipment with which to work.

By its answer and amendment thereto defendant admitted that deceased was in its employment and that his death occurred in the manner and at the time and place stated in plaintiff's petition, but specifically denied all acts and omissions on its part which plaintiff claimed constituted primary negligence. It affirmatively alleged that deceased while in the discharge of his duties as its employee carelessly and negligently failed to tie down the brake lever which controlled the traveling block used in the drilling operations and that by reason thereof said traveling block fell from the derrick to the floor of the drilling rig striking and crushing the deceased and causing his instant death, and that by reason thereof said deceased contributed to his own injury and resulting death and that defendant is not liable there-

for. It was also alleged that deceased was an experienced oil-well driller, knew the dangers incident to the character of work in which he was engaged, and that he assumed the risks of such employment. The further affirmative defense of unavoidable accident was also pleaded.

At the close of plaintiff's evidence defendant demurred thereto on the ground that the same was insufficient to entitle plaintiff to recovery. This demurrer was overruled and exception reserved. At the close of all the testimony defendant moved that the jury be peremptorily instructed to return a verdict in favor of the defendant, which motion was sustained by the court and plaintiff reserved exception. Thereafter plaintiff filed motion for new trial and upon hearing thereof the court sustained the same for the stated reasons that the evidence of plaintiff showed primary negligence of defendant and the case should have been submitted to the jury. For reversal of the order granting new trial, defendant relies on three propositions stated in his brief as follows:

"(1) That there is no negligence shown against the defendants, or against either of them.

"(2) The question as to whether or not an employee is a fellow servant, vice principal, or superior servant, is one of law for the court under the facts in each case.

"(3) The District Court erred in refusing to state his reasons for sustaining motion for new trial on timely request of defendants therefor."

The testimony shows that defendant Henry P. Chappell was the tool pusher for the partnership; that he had been at the well about an hour before the accident occurred; that he made it a practice to go to the well to check the progress of the work at least once in each eight-hour shift; that he inspected the brake on this drilling rig regularly; that it was his duty to look after the equipment; that when he went out on every shift he would see if

644

everything was in shape and if not would put it in shape; that he gave instructions as to the use of the tie down chain on the brake in question to deceased; that he told the driller what to do, how fast he should drill, how much weight he should carry on the string of tools; that if anything went wrong and he was not around it was then the duty of the driller to get the equipment back in working order; that the driller worked under his, Chappell's, orders as to what records he kept of the drilling and how he kept the records; that he knew the manner in which the deceased kept the records and had approved of it; that on the night in question he told deceased to slow down the drilling; that the driller does not determine how fast he should drill but the contractor or tool pusher determines that and gives orders for the driller to carry out; that Chappell was in charge of the operations at the well.

A vice principal is the representative and alter ego of the principal, his master. To constitute an employee a vice principal, the master must confer upon him "the entire and absolute management of the entire business, or of an entire department thereof, retaining no oversight and exercising no discretion of his own as to the conduct of such business." Even if an employee has power to employ and discharge other employees and to oversee the men and direct the work he is not a vice principal unless his authority is entire and absolute. It is the nondelegable duty of the master to furnish a reasonably safe place to work, reasonably competent fellow employees, and reasonably safe tools and appliances with which to work. A driller subject to the control of one over him in the management of the drilling operations while he is on duty is a fellow servant with those under him—not a vice principal. See Ruemmeli-Braun Co. v. Cahill, 14 Okla. 422, 79 P. 260; Mollhoff v. Chicago, R. I. & P. R. Co., 15 Okla. 540, 82 P. 733; E. Van Winkle Gin & Mach. Co. v. Brooks, 29 Okla. 351, 116 P. 908; Petroleum Iron Works v. Bullington, 80 Okla. 43, 193 P. 980; City of Edmond v. Washam, 190 Okla. 140, 121 P. 2d 300.

From the foregoing testimony it is apparent that deceased was not a vice principal.

As to primary negligence, the testimony of plaintiff reasonably tends to show that deceased had left the brake to mark up a joint of pipe when the traveling block started falling; that deceased ran back to the brake and had one hand on it and one braced against the side of the drum a second before the falling traveling block hit him; that deceased was found with his hand on the brake after the traveling block fell on and crushed him; that one of the steel "fingers" which hold the stacked drill pipe erect in the derrick was found broken off on the floor after the accident with blood on it and the drill pipe was all "scrambled" in the derrick; that this steel "finger" had been broken on a previous job and welded back in place and it showed to have broken at the site of the former weld; that the breaking of this steel "finger" would have allowed the stacked drill pipe to fall out of place or "scramble", falling against the traveling block and causing it to fall; that there was a defective water valve found on the brake after the accident; that the purpose of this water valve was to cool the brake drum; that if it failed in this function the brake might "grab" or might refuse to function at all, allowing the line to run free and the traveling block to fall; that the brake in question on at least one occasion prior to this time had failed to hold and had allowed the traveling block to start falling.

We cannot say as a matter of law that this testimony did not reasonably tend to prove negligence on the part of the defendant and that said negligence proximately caused the death of plaintiff's decedent. The trial court en-

tertained the view that primary negligence was shown. Under this view it would be its duty to submit the case to the jury on proper instructions as to all issues made by the pleadings and evidence. Under all the circumstances we cannot say the trial court abused its discretion in granting new trial.

Affirmed.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.