[Sac. No. 2590. Department One.—June 4, 1918.]

## CHARLES M. JAMESON, Respondent, v. ERNEST R. TULLY, Appellant.

HUSBAND AND WIFE — ALIENATION OF AFFECTIONS — ENTICING AWAY WIFE—EVIDENCE—PRIVILEGED COMMUNICATIONS.—In an action by a husband for damages against a defendant for alienating affections of the plaintiff's wife, and enticing her away, letters written to the husband by the wife during her temporary absence from home,

offered to show the affectionate relations between them, prior to the exercise of arts of enticement on the part of the defendant, are admissible in evidence, since the amendment of the year 1911 to section 1881 of the Code of Civil Procedure, excepting from the class of "privileged communications," communications between a husband and wife, "in an action brought by husband or wife against another person for the alienation of the affections of either husband or wife."

ID.—LETTERS OF WIFE NOT HEARSAY AND SELF-SERVING DECLARATIONS.— In such action, the relations between the husband and wife being a proper subject of inquiry, statements in the letters of the wife to the husband showing the state of her feelings before the enticements of the defendant began are admissible and are not open to the objection that they are hearsay and self-serving declarations.

ID.—REMOTENESS.—Objection to such letters on the ground of their remoteness goes merely to their weight and not to their competency.

ID.—LETTERS AND STATEMENTS AFTER ALLEGED ENTICEMENT.—Where letters written and statements made by the wife to the husband were offered for the ostensible purpose of showing the feelings between husband and wife at the time they were written, but the real scope and purpose of the offer was to introduce in evidence confessions of her guilty relations with the defendant some months before the date of such letters and statements, they were hearsay pure and simple, and, having been written or spoken without the defendant's consent or presence, they were not admissible on any theory.

ID.—OBJECTION NOT WAIVED BY CROSS-EXAMINATION.—Defendant's objection to the admission of such letters and statements was not waived by his having cross-examined the plaintiff thereon after their admission over his objection.

ID.—HARMLESS ERROR.—In an action for damages for alienation by the defendant of the affections of the plaintiff's wife, error in the admission of letters and statements of the wife after her alleged enticement and seduction was rendered harmless by other independent evidence tending to prove guilty relations, including the deposition of the defendant himself, and the fact that neither the defendant nor the plaintiff's wife took the stand to make any denial of facts from which no other conclusion could be reached by a fair-minded jury.

ID.—DEPOSITION—READING PROPERLY DISALLOWED.—The court properly refused to allow the deposition of the plaintiff's wife to be read in such case, when it appeared that she was in town during the trial up to within an hour of the time when the deposition was offered, and that although she had been in consultation with defendant's counsel, she had taken a train and left town with their consent and with no effort to detain her.

APPEAL from a judgment of the Superior Court of Merced County.    E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Appellant.

Peck, Bunker & Cole, and Frank R. Wehe, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff for ten thousand dollars damages in an action charging the defendant with enticing away and seducing the plaintiff's wife. The complaint is in two counts, one for the enticement and alienation of the plaintiff's wife, and the other for her seduction. There is no merit in the appellant's contention that the complaint on each of these counts did not state a cause of action.

The main points upon this appeal arise out of alleged errors of the trial court in the admission of evidence and in the giving of certain instructions to the jury. During the course of the trial the plaintiff offered in evidence certain letters written to him by his wife during her temporary absences from their home. The purpose for which most of these letters were offered was that of showing the affectionate relations between the plaintiff and his wife prior to the exercise of the alleged arts of enticement on the part of the defendant which alienated the wife's affections from her husband. The objection was that they were privileged communications and as such inadmissible in the absence of consent on the part of the wife. The case of *Humphrey* v. *Pope,* 1 Cal. App. 374, [82 Pac. 223], was cited by the appellant in support of this contention. That case, however, arose and was decided prior to the amendment of section 1881 of the Code of Civil Procedure, effected in the year 1911, by which communications between husband and wife were excepted from the class of privileged communications "in an action brought by husband or wife against another person for the alienation of the affections of either husband or wife or in an action for damages against another person for adultery committed by either husband or wife." That case is, therefore, no longer authority for this contention. The appellant further insists, however, that the statement contained in these letters from the wife to the plaintiff,

her husband, were inadmissible as hearsay and as self-serving declarations. This contention is answered by the case of *Cripe* v. *Cripe,* 170 Cal. 91, [148 Pac. 520], in which this court, citing numerous cases, declares the rule to be that when in an action for alienation the relations between the husband and wife are a proper subject of inquiry, the declarations of the person whose affections have been alienated showing the state of her feeling prior to such alienation are admissible. This rule applies to the letters written by the wife to the plaintiff during the year when they were living happily together before the enticements of the defendant began, and the objection to some of these letters on the ground of their remoteness goes merely to the weight and not to the competency of these letters. A more serious objection, however, is made to the action of the court in admitting in evidence several letters written by the wife to the plaintiff after her enticement and seduction and after the suspicions of her husband had been aroused as to her relations with the defendant. These letters could not have had for their purpose that of showing that the former feelings of affections between husband and wife continued notwithstanding the defendant's acts, injuries, and damages of which the plaintiff complains. Had these letters been couched in terms showing an altered state of affection on the part of the wife for her husband, they would doubtless be admissible under the former rule, but an examination of these latter letters will serve to clearly show that notwithstanding the statement of counsel for plaintiff at the time of their offer to the effect that they were offered for the purpose of showing the feelings between husband and wife at the time they were written, the real scope and purpose of the offer of these letters was to introduce in evidence the confessions of her guilty relations with the defendant some months before their date. They are thus to be considered in the same category with certain oral statements made by the wife to her husband about the same time that these letters were written in which she confessed in detail as to her illicit relations with the defendant. The plaintiff undertook as a witness to testify to these oral statements on the part of his wife made several months after the consummation of the arts of enticement and acts of seduction and adultery of which the plaintiff complains, and they were admitted by the trial court in evidence over the defendant's objection. There is little

room for argument that the trial court was not in error in the admission of these latter letters and oral statements and confessions of the wife. They cannot be held to be *res gestae* under the utmost extension of that limited rule of evidence. They are hearsay pure and simple, and having been written or spoken without the defendant's consent or presence could, upon no theory of the law or the case, be binding upon him or admissible in evidence against him. The respondent does not, in fact, attempt to justify the admission in evidence of these written and oral statements of the wife implicating the defendant in her transgression except upon the utterly untenable ground that the defendant having, after the admission in evidence of the plaintiff's testimony as to these matters over his objection, undertaken to cross-examine the plaintiff thereon, in so doing waived his objection to their admissibility and his right on appeal to complain of the court's error in their admission. The authorities cited by counsel for the respondent in support of this contention do not sustain it. The cases cited all refer to the later introduction by the objecting party of independent evidence to the same point and effect as that to which the evidence objected to related. By the presentation on his own part of such independent proofs the objecting party, of course, waives his objection and point upon appeal; not so, however, when the objecting party undertakes to exercise his right to cross-examine a witness as to statements to which he has erroneously been permitted to testify. Were it otherwise, one of the main functions of cross-examination would be most seriously impaired; for a party, after rightfully objecting to the admission of evidence, may by his cross-examination lay the foundation for an obviously proper motion to strike it out, or may compel its contradiction or withdrawal, or may utterly destroy its effect, and thus render unnecessary his remedy by appeal from the court's erroneous action. In the instant case the defendant did not waive his objection to the evidence thus offered and admitted on the plaintiff's behalf. That such evidence would ordinarily be prejudicial does not admit of dispute, but the question whether the judgment should be reversed upon that ground should be determined by certain other considerations in the case. Aside from the confessions of his wife, the plaintiff's case in support of the averments of his complaint rested upon inferences to be drawn from proof of certain acts and conduct of the de-

fendant, showing a guilty relation with the plaintiff's wife. This proof was mainly drawn from the deposition of the defendant himself, which was taken by the plaintiff and was offered as a part of his case. It appeared therefrom that, following a period of increase in social intimacy between the families of plaintiff and defendant, the latter and the plaintiff's wife, in the month of August, 1915, had met clandestinely in the town of Newman, about twenty miles from the then home of both of them, and spent several hours together in a room at a hotel there. That early in the following month the pair met in San Francisco upon at least two occasions, and after going to various places together, went to a hotel, late at night, and there registered as husband and wife under an assumed name, and were assigned to and occupied the same bedroom, part of two days and all of two nights, upon each occasion. Coupled with these admissions were the defendant's evasive answers while under examination as to the details of these episodes, which rendered his denial of any acts of adultery with the plaintiff's wife inconclusive if not inconceivable. In the face of these admissions, and of the fact that neither the defendant nor the plaintiff's wife took the witness-stand to make any denial of them, no other conclusion could be reached by a fair-minded jury than that arrived at in this case. This being so, the error of the court in admitting the plaintiff's statement of his wife's confession of her own and the defendant's guilty conduct cannot be said to have affected the verdict. It must, therefore, be disregarded under section 4½ of article VI of the constitution.

The final contention of the appellant is that the trial court erred in its refusal to permit the deposition of the plaintiff's wife to be offered and read in evidence on behalf of the defendant. The record discloses that the offer of the deposition was made at the close of a several days' trial, during which the plaintiff's wife was present in Merced, where the trial was being held, up to within an hour of the time when the offer of her deposition was made; that no subpoena was issued or other effort made to secure her presence as a witness; that she had been in consultation with defendant's counsel just before court convened; that she had then taken a train, leaving town with their consent and with no effort to detain her. These facts being shown, the court properly refused to allow her

deposition to be read in evidence.   (Code Civ. Proc., sec. 2021, subd. 6.)

No other points in the record require discussion.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.