CATHARINE ZITO AND ANTHONY ZITO, AS THE HUS-
BAND OF CATHARINE ZITO, PLAINTIFFS, v. JOHN W.
INGERSOLL AND HARRY L. MURPHY, JOINTLY AND
SEVERALLY, DEFENDANTS.

Argued January 17, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *Burton A. Gaskill.*

For the defendant John W. Ingersoll, *Thompson &
Hanstein.*

For the defendant Harry L. Murphy, *Cole & Cole.*

PER CURIAM.

The case arises out of a collision of two automobiles, one
owned and driven by defendant Murphy, and the other owned
and driven by defendant Ingersoll. The two cars met head
on and late at night, each driver accusing the other of hav-
ing been on the wrong side of the road. Mrs. Zito, the fe-
male plaintiff, was a passenger in the Murphy car and was
quite seriously injured and her husband claimed damages
by reason thereof.

The first reason argued is that the verdicts were excessive.
The verdict in favor of Mrs. Zito, which was against Mur-
phy alone, Ingersoll being ignored by the jury, was for $5,000,

and for her husband $1,060. The argument goes principally if not entirely in challenge of the $5,000 verdict. The evidence shows that Mrs. Zito was shot through the window of the Murphy car on the ground, the car fell over on her and she could not be extricated until the car was absolutely lifted off of her by several men. She was in the hospital two weeks, in great pain, the diagnosis being concussion of the brain, contusion at the back of the head, brush burns of the legs and a sacro-iliac sprain. It is common knowledge that an injury to this part of the back is likely to be obscure, persistent and often permanent. On the whole, we are not disposed to say that the verdict is so unreasonably excessive as that the court ought to set it aside or cut it down.

The next point is that the verdict was against the weight of evidence. The argument under this head consists substantially of the claim that Murphy was very drunk, so drunk, in fact, that Mrs. Zito was necessarily aware of it, and that she was guilty of negligence by riding in his car. As Murphy had taken the Zito party from Hammonton to Ocean City in the evening and it was late at night and all parties necessarily had to go home, it is difficult to see what Mrs. Zito could have done under the circumstances except go back in the car in which she came. However, it will be sufficient to say on this point that the question of Murphy's intoxication was vigorously disputed. The suit being against both Murphy and Ingersoll, each of the defendants claiming that it was the fault of the other, we naturally find in the testimony for Ingersoll that the witnesses say Murphy was intoxicated; on the other hand, Murphy, throughout the case, vigorously protested that he was not intoxicated in any degree whatsoever, and there is corroboration of this by his wife and a Mrs. Barefoot, who was sworn as a witness, and both of whom were in the Murphy car. The jury certainly did not act unreasonably in concluding that the suggestion of Murphy's intoxication as a basis for contributory negligence of Mrs. Zito was not satisfactorily made out.

The third and fourth grounds are based on the refusal of the court to charge two requests founded on the hypothesis

of Murphy being intoxicated and Mrs. Zito knowing the fact. The court charged fully on this phase of the case and told the jury in effect that if, under the circumstances, she accepted passage in the Murphy car, she would be chargeable with the consequences which might be expected to arise by reason of that intoxicated condition and added that that defense was open both to Ingersoll and to Murphy. This, in our judgment, fairly covers the substance of the two refused requests.

We conclude that the rule to show cause should be discharged.