ELLA REDFIELD AND ALLAN W. REDFIELD, PLAINTIFFS, v. RAYMOND HURFF, DEFENDANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Norman H. Harker.*

*Contra, Henry M. Evans* and *Albert S. Woodruff.*

PER CURIAM.

This is the defendant's rule in an accident case in which
the woman plaintiff was injured, and damages of $3,500 were
awarded to her, and $1,500 to her husband.

It is urged that the court should have granted defendant's
motion for nonsuit, and that in any event the verdicts were
against the weight of the evidence. The court could not
legally grant the motion and in our view the verdicts are not
against the weight of the evidence.

How the accident occurred must be ascertained principally
from the testimony of the woman plaintiff and that of the
defendant. The case made by the plaintiffs was that Mrs.
Redfield was a passenger on a bus proceeding south on Broad-
way in the city of Gloucester. Alighting she passed in front
of the bus intending to cross the street. As she reached the
outer edge of the bus she looked and seeing no approaching
vehicle started across. When she had taken two or three
steps the defendant's car came from behind the bus without
warning and struck her. The accident happened just short
of a street crossing with the red light against the defendant.

If this testimony is true, and of its truth the jury were to
be the judge, plaintiff had equal rights on the highway with
the defendant and the jury could well conclude that the
defendant was negligent and that the plaintiff was in the
exercise of reasonable care.

The request for instructions was properly denied. *Con-
solidated Traction Co.* v. *Behr,* 59 *N. J. L.* 480.

Respecting the amount of the verdict of $3,500 for Mrs.
Redfield: She was struck, knocked down, rendered uncon-
scious and taken to the office of a nearby physician. Her
injuries were principally to the sacro-iliac region, were pain-

ful, incapacitated her for work for a considerable period of time and resulted in extended nervousness. She had to wear a belt for a year and a half and is still feeling the effects of the accident; as an indication she fainted on the stand. The award does not seem to us to be excessive. *Zilo* v. *Ingersoll,* 147 *Atl. Rep.* 400; 7 *N. J. Mis. R.* 893.

The award of $1,500 to the husband likewise seems unobjectionable. He had medical bills, had to employ a housekeeper during the wife's complete inability and at times thereafter. This, combined with the loss of the normal companionship of a healthy wife, would seem to indicate that the damages were not excessive.

The rule is discharged.