MICHAEL KINDER, PLAINTIFF-APPELLANT, v. ERIE RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *James P. Mylod.*

For the respondent, *George S. Hobart.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court reversing a judgment of the Circuit Court in favor of the plaintiff. The judgment so reversed was the result of a second trial of the issue. The first trial brought appellant-plaintiff a verdict, and a judgment

thereon, which upon appeal was reversed by the Supreme Court. The proofs produced at the first trial are not before us nor were they before the judge before whom the cause was tried at Circuit the second time and such judge was not the one presiding at the first trial.

The proofs upon the second trial present the following situation:

The plaintiff below was a passenger on a train of the defendant, and was traveling from Arlington to Bloomfield, arriving at the latter place sometime after five o'clock at night. This was on February 12th, 1923. There was some snow upon the ground and it was somewhat foggy and hazy, and although not dark it was not perfectly light. The plaintiff was riding in the smoking car, being the first car next after the locomotive, in a train consisting of five cars. It was not the train that the plaintiff was accustomed to travel on from his place of work in Arlington to his home in Bloomfield. It being a holiday the regular train was not running; the one upon which he was traveling reaching Bloomfield somewhat later than his usual train and was a longer train, that it contained a greater number of cars. The car in which he was *was* crowded, all seats being occupied, and passengers standing in the aisle. As the train reached Bloomfield and stopped, plaintiff proceeded to the forward end of the car in which he was riding, other passengers preceding him, for the purpose of alighting. Ordinarily he should have alighted from the right-hand side, which he was about to do when he discovered that the end of the car was upon a bridge over a canal and that at the steps of the car on that side there was a precipitous decline of some twenty feet to the water of the canal below. Upon finding this condition, and apparently realizing the danger of attempting to alight from this side, he turned to leave by the left-hand side where other passengers had preceded him and alighted and he alighted upon wooden planking upon the bridge between two sets of tracks. Almost immediately that he reached this planked space he was struck by a train of the defendant company, coming into the station from the direction opposite to that of the train

upon which he had been, and he was injured. There was a station platform upon the right-hand side of the train upon which plaintiff was a passenger and this seems to have extended up to within about seventy-five feet of the canal bridge. The station proper, at Bloomfield, was upon the opposite side, or to the left of the train bringing plaintiff into Bloomfield. From the station to the platform first referred to there was a planked way for the purpose of bringing baggage trucks across the tracks, of which there were two sets, and the balance of the space between such tracks was loose, stone ballast, except for the planking upon the canal bridge. There was no fence or other structure between the tracks to prevent passengers from crossing. Plaintiff also secured the introduction in evidence of rules of the defendant respecting the running of trains into its stations when another train was standing therein discharging and receiving passengers.

This was the result of the proofs presented by the plaintiff as bearing upon the situation and acts of both parties at the time he closed his case when a motion for nonsuit was made by the defendant upon the following grounds: "That the plaintiff has not proved that there was any invitation extended by the railroad company for him to alight at the time and place he attempted to alight, and therefore he took the risk of that voluntary action upon himself. That there is absolutely no evidence of negligence upon the part of the railroad company as pleaded in the complaint. That the plaintiff was guilty of contributory negligence."

This motion being denied by the trial court, and exception being lodged against such ruling, it was urged in the Supreme Court as a ground for reversal and that court finding it to constitute error made it one of the causes for reversing the judgment of the Circuit.

We have reached the conclusion that the Supreme Court fell into error in this respect.

Obviously the defendant, in disregard of its duty to the plaintiff, as one of its passengers, stopped its train in a place of danger, and he, finding himself confronted therewith took another means of alighting, even though it may not have been

the wisest, it was for the jury to say whether or not, he stepping into another and active danger, also alleged to be chargeable to the defendant, presented a situation where either or both of the alleged acts of negligence of the defendant caused the happening and also whether or not the acts of the plaintiff, under the circumstances, were so beyond those of a man, exercising reasonable care for his own safety, constituted such contributory negligence as to bar him from a recovery. *Falk* v. *Railroad,* 56 *N. J. L.* 380; *Bradley* v. *Railroad Co.,* 106 *Id.* 51; *Atlantic City Railroad Co.* v. *Kiefer,* 75 *Id.* 54; *Spofford* v. *Railroad Co.,* 89 *Id.* 273. One who by the negligence of another, owing him a duty of exercising care for his safety, is placed thereby in a place of danger is not held to the strictest rule of care for his own safety. *Buchanan* v. *West Jersey, &c.,* 52 *Id.* 265; *Barry* v. *Borden,* 100 *Id.* 106; 2 *N. J. Adv. R.* 914; *Jewett* v. *Klein,* 27 *N. J. Eq.* 550; *Atlantic City Railroad Co.* v. *Goodin,* 62 *N. J. L.* 394. And, we think, the circumstances here shown, present closely the situation and, call for the application of the rule laid down in this court in *Gore* v. *Delaware, Lackawanna and Western Railroad Co.,* 89 *Id.* 224, where it is said and held: "It may well be that as to no one of the elements that contributed to cause the plaintiff's accident did the defendant violate any direct duty owing to her and yet it may be also true that the combination of all these elements created a situation that called for the exercise of some care by the carrier for the safe exit of the plaintiff from its train. Such duties by a carrier are often in the alternative, so that while no one duty is specific, it does not follow that they may all be neglected with impunity."

For instance in the present case it may well have been that had the defendant stopped its train at the platform instead of running the forward car upon the bridge, or having done that had given proper notice to all its passengers to leave by the rear door and plaintiff, notwithstanding had proceeded to leave as he did or, having brought its train to a stop where plaintiff might have safely alighted on the right side but nevertheless undertook to leave by the left side as he did he

might have been a trespasser in the place where he alighted toward whom the defendant owed no care other than to abstain from willful harm and injury, and there being no such proof he would not have been entitled to recover and a nonsuit would have been proper. But that was not the situation produced by the proofs but, on the contrary, the defendant by its acts stopped the train at a point of imminent danger had the plaintiff alighted from the right-hand side and under the relaxed rule of care for his own safety before referred to, his attempt to, and the fact that he did leave from the left side presented a matter for solution by the jury, first, as to whether or not in doing so he was negligent and that negligence contributed to the happening, thus making him, perhaps, virtually a trespasser, or if not negligent himself, then whether or not, as said in *Gore* v. *Delaware, Lackawanna and Western Railroad Co., supra,* a consideration of all of the elements contributing to the happening did not establish a lack of care on the part of the defendant toward him.

Again, and certainly as the proofs were at the time this motion was made and denied, it was a jury question whether or not the defendant had by its acts invited the plaintiff to alight from its train at the right-hand side of the forward part of the car in which he was riding and still further was it a jury question, at least, and even aside from the rules of the defendant, whether the servants of the defendant, under the circumstances exercised proper care in driving the train which injured the plaintiff past the standing train from which he alighted.

As before stated we find that the Supreme Court was in error in reversing the judgment of the Circuit Court upon this ground.

Upon the defendant's case there was additional proof only by a ticket collector of the forward part of the train to the effect that he called out Bloomfield station from the forward door of the second car and then from the rear door of the first car, opening and fastening open, that door, and that he then "got down and assisted passengers getting off both sides." He further testified that the forward part of the first coach was not on the canal bridge but twenty feet east of it.

It is difficult to understand whether or not this proof is to be considered as meaning that the forward end of the first car of the train stopped at a point upon the regular platform.

The same witness testified that the first coach was "crowded" and that its passengers were leaving by the rear door. It is also somewhat uncertain what this witness means by saying that after he called the station he "got down and assisted passengers getting off both sides." However, this seems to be explained by his subsequent testimony to mean passengers "getting off both sides" of him, that is from the rear of the first car and front of the second car, because he says, as to his own acts, "why, after the passengers got down on both sides of me, got up, looked through my cars. My cars were all clear; *looked down on the other side,* seen if everything was clear. I saw there was only one passenger on the opposite side standing on the platform; got back, got down on the platform, give a signal to my conductor. The signal was passed along," and at that time the train coming in the opposite direction and which injured the plaintiff, by this witness was put, "oh, I judge it was about the west end of the canal bridge as the engine passed, because I was calling out the station then on the platform."

At the close of the entire case the defendant below moved for a direction of verdict in its favor upon the same grounds urged upon the motion for nonsuit.

The trial judge refused to grant this motion, holding that a jury question was presented.

To this action the defendant below lodged an exception and it appears to be the second ground upon which the Supreme Court based its conclusion that there was trial error requiring reversal of the judgment at Circuit.

We, again, are of the opinion that the Supreme Court was in error. The proofs upon the defendant's case did no more, we conclude, than increase the controversy which existed at the time the motion for nonsuit was made and denied and left the cause as to both negligence of the defendant and contributory negligence of the plaintiff one to be solved by the jury.

The respondent argues, in its brief, several alleged errors in the trial court's charge, which if urged and argued below should be considered here. The opinion of the court below would indicate that they were not there urged, because it recites "the grounds of appeal urged are that the trial judge should have controlled the case by nonsuit or direction of verdict in favor of the defendant."

We have no way of determining whether or not the argument in the Supreme Court was limited to these grounds. The presumption is that it was. If so no other grounds can be urged here.

We have, however, examined the grounds advanced against the court's instructions and for no reasons now urged do we find them erroneous.

It is further urged, that it was error to admit in evidence the defendant company's rules as an exhibit. While this ground is subject to the same objection as the previous one, in that it does not affirmatively appear that it was urged below, nevertheless, we have considered it and do not find that the action of the trial court was erroneous and prejudicial. *Redhing* v. *Railroad Co.*, 68 *N. J. L.* 641.

We conclude, therefore, that the judgment of the Supreme Court should be reversed, and the judgment of the Circuit Court affirmed.

*For affirmance*—KAYS, WELLS, JJ.   2.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, DEAR, KERNEY, JJ.   9.