[Civ. No. 9454. Second Appellate District, Division Two.—March 15, 1935.]

RICHARD MOIOLA, Respondent, v. DANTE PAGGI et al., Appellants.

Paul E. Younkin for Appellants.

Lorrin Andrews for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff for damages against the parents of plaintiff's wife for alienating her affections. It is the first contention of the appellants that there is an entire absence of any proof either that the defendants were a contributing cause of the separation or that the defendants acted in any manner maliciously toward the plaintiff. The appellants set out in a supplemental opening brief containing 509 pages all the evidence pertaining to these questions, and this was a challenge to the respondent to point out some substantial evidence to sustain the verdict as to these questions of fact. The respondent accepted the challenge and set out in detail the evidence upon which he relies. ■ It is our duty on appeal to view the evidence in the light most favorable to the respondent. Having done so we are satisfied that there is some substantial evidence to sustain the findings. Appellants in their closing brief attack this showing only as to five details which seem to be of small consequence. They further say, "Inasmuch as appellants do not feel that any direct reference to this quoted testimony will be of aid to your Honorable Court in reviewing the *entire record* to determine whether or not there is sufficient evidence therein to support the judgment, we will not attempt to point out

the portions of the record that are *in direct conflict* with the testimony quoted under this heading by respondent.'' ■ Under the circumstances we feel that we should say again what has so often been said that it is the province of an appellate court to decide questions of law; that while the question of the sufficiency of the evidence to support a verdict may be presented to the appellate court for review .this may be done solely as a matter of law and the court's duty stops when it has determined that there is some substantial evidence to support the verdict; the court will not· weigh the evidence nor substitute its judgment thereon for that of the trial court, but will uphold the verdict even though it would have decided otherwise if it had been the fact finder. (See 2 Cal. Jur. 912.) If and when the appellate court is satisfied that substantial evidence exists to support the verdict its examination as to this matter ceases at once. (*Estate of Moore,* 162 Cal. 324 [122 Pac. 844].)

■ Appellants' final contention is that it was error to have admitted into evidence the letters written by the wife to plaintiff five years prior to the marriage. The state of mind or the state of feeling of the allegedly alienated wife toward her husband was one of the material facts in issue, for it was the contention of the defendants at the trial that the marriage was the result of a sudden infatuation on the part of the wife. Appellants contend that the letters were too remote in time. ■ Ordinarily remoteness affects the weight of evidence rather than its admissibility. (*Jameson* v. *Tully,* 178 Cal. 380 [173 Pac. 577].) The determination of the question whether evidence is or is not too remote is for the determination of the trial court and it is clothed with wide discretion in this regard. (*Estate of Warner,* 167 Cal. 686 [140 Pac. 583].) The court's discretion was not abused.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.