EDEN v. VLOEDMAN.

No. 33420. Oct. 4, 1949.
Rehearing Denied Feb. 21, 1950.
Second Petition for Rehearing Denied
March 7, 1950.

*214 P. 2d 930.*

Sparks, Boatman & Farrier, of Woodward, Mauntel & Spellman, of Alva, and John Barry, of Oklahoma City, for plaintiff in error.

Billings & Billings, of Woodward, for defendant in error.

JOHNSON, J. The plaintiff in error herein, Rudy Eden, was defendant in the trial court, and W. A. Vloedman, defendant in error, was the plaintiff. The parties hereafter will be referred to as they appeared in the trial court.

Plaintiff instituted this action against the defendant, alleging breach of an express warranty of fitness for breeding purposes of 103 head of Hereford cows purchased by the plaintiff from defendant, and seeking alleged damages in the sum of $3,811 and costs. Defendant answered, denying any express warranty of the cows, and denying any damage to plaintiff by reason of the sale. Upon these issues the matter was tried to a jury. The jury found the issues in favor of the plaintiff and fixed the amount of his recovery in the sum of $1,000 and costs.

The defendant urges as grounds for reversal, error of trial court in (1) overruling motion for a new trial; (2) overruling demurrer to plaintiff's evidence; (3) overruling motion for directed verdict for defendant; (4) excluding material evidence offered by defendant.

It is admitted that the plaintiff bought 103 Hereford cows from the defendant for $97 each, and that the defendant stated to plaintiff, in the presence of Mr. Webb, who was a cattle buyer and represented defendant in the sale of the cows in question, that the cows were good cows and that the herd of 116 head produced 115 calves the year before. In testifying, defendant admitted that he knew for what purpose the plaintiff was buying the cows, and that it was to suit plaintiff on that point that he had advised plaintiff that he had cut 111 or 115 head of calves off of 116 cows, and that he intended plaintiff to take this statement as assurance that the cows were good breeders and good producers.

The plaintiff testified that he told defendant that he was buying the cows for breeding purposes; that he wanted to raise calves from the cows, and that defendant assured him that this herd was a good herd, that he, defendant, took 115 calves from 116 cows.

Plaintiff testified that he relied upon the defendant's statement that the cows were of good breeding stock, and that the purpose for which the cows were purchased was fully known to both the defendant and defendant's agent, Mr. Webb. Plaintiff further testified that said cows were unfit for breeding purposes; that immediately after he had purchased the cows they began to calve prematurely, and so continued until 43 cows had lost their calves; that the reason for this condition was that the cows were suffering from Bangs disease at the time said cows were purchased. That due to these facts said cows were worth only $60 or $65 per head when purchased.

It is contended by plaintiff that these facts constituted a warranty that the cows were good for breeding purposes. With this contention we agree.

It is the general rule, as well as the settled law of this state, that to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing or be made in specific terms; and, it is not necessary that the word "warrant"

or "warranty" shall be used. Any direct and positive affirmation of a matter of fact, as distinguished from a mere matter of opinion or judgment, made by the seller during the negotiations and as a part of the contract, designed or intended by the seller to induce the purchaser to buy, and actually relied upon by the purchaser in making the purchase, will be deemed to be a warranty. Woolsey v. Zeiglar, 32 Okla. 715, 123 P. 164; 42 C.J. 781; 46 Am. Jur. 494, §313.

From the above statement of facts and the established law of this state, we conclude that the jury was justified in finding that there was an express warranty of the fitness of the cows for breeding purposes, and we hold that a warranty arising from statements or affirmations made by the seller of a herd of 103 head of cows at the time of sale that said cows were good breeders and producers; that said herd of 116 cows had 115 calves the year before, admittedly made to induce the purchaser to buy said cows for breeding purposes, implied that the cows so purchased by plaintiff were fit for breeding purposes; such warranty means that they were healthy and capable of procreation; that they would reproduce the kind and variety they represented to be, and where such cows were afflicted with Bangs disease which rendered them unfit for breeding purposes, or impairs or in its progress will impair the animals' natural usefulness for the purpose for which they were purchased, such warranty is breached by defects which render such animals permanently less serviceable although the defect may not be fully developed at the time of the sale. Woolsey v. Zeiglar, supra; Barton v. Dowis, 315 Mo. 226, 285 S. W. 988, 51 A. L. R. 494.

In Barton v. Dowis, supra, it was said:

"Where an article is sold for a special purpose, it carries with it a warranty that it is fit for that purpose, and that applies to animals."

It is urged that it was error for the trial court to allow a veterinary to testify eight months after the sale of the cows in question, at plaintiff's request, that he examined 10 cows selected at random from the herd of 103 cows for Bangs disease; and that he found every cow so examined a reactor, or affected with Bangs disease, or Brucilosis, and that such disease would cause cows to abort during various stages of pregnancy, but some cows so affected may deliver live calves. This evidence was objected to as being too remote. This contention questions the sufficiency and weight of the evidence, rather than its admissibility, and, in any event, its admissibility is a matter to be determined by the trial court, and such court is clothed with wide discretion in this regard, and, from all the evidence, we hold that the trial court in allowing this testimony did not abuse its discretion. Moiola v. Paggi et al., 5 Cal. App. 2d 279, 42 P. 2d 331.

It is further urged by the defendant that the court erred in excluding evidence offered to establish the market value of the cattle as of July, 1946. The measure of damages for breach of an express warranty is fixed at the time of sale, which was November 10, 1945, and where evidence was adduced by the plaintiff reasonably establishing the value of the cattle at the time of sale and the damage sustained, it was not error to exclude evidence as to the value of the cattle in July, 1946. 23 O. S. A. §34; Jackson v. Bates, 69 Okla. 141, 170 P. 897.

In view of what has been said, we deem it unnecessary to discuss further the alleged errors, as we have carefully examined the record, and adhere to the well-established rule of this court that in actions at law, when disputed questions of fact are submitted to the jury, the jury's verdict will not be disturbed on appeal where there is any evidence reasonably tending to support it.

The judgment is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V.C.J., dissents.

