**CARTER v. GUNDY et al.**

No. 35597.

Supreme Court of Oklahoma.

July 14, 1953.

McClelland, Kneeland, Bailey & McClelland, Oklahoma City, for plaintiffs in error.

Ross N. Lillard, William L. Funk, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Plaintiffs herein own about 7 or 8 acres of land in the northeast corner of a certain section. Said corner is at the intersection of S.E. 15th St. (east and west) and High St. (north and south) in Oklahoma City. Defendants own the quarter section of land directly east and across High Street from the lands of plaintiffs. About 500 feet southeast of the northwest corner of defendants' land was a high bluff or cliff running generally in a northeasterly and southwesterly direction. Below this cliff and in the northwest quarter of the quarter section owned by defendants was a low spot which constituted a natural lake in which water gathered and stood after rains. Defendants' land had been used for general agricultural purposes; but in the spring of 1950 it was levelled and the bluff was "knocked down" into a slope, preparatory to the development of the land as the "Carter Park Third Addition" to Oklahoma City. In the "knocking down" of the bluff, the bed of the natural lake was filled up.

In May, 1951, plaintiffs filed their petition in the case at bar, alleging that as a result of the operations incident to the levelling of the lands of defendants, and of the filling in of the lake above referred to, water which formerly had stood on defendants' lands now flowed under or across High Street onto plaintiffs' lands, bringing with it sand, silt, and debris; that about 2 acres of their lands, which had been used for truck farming, had been permanently damaged in the amount of $1,000; that they had been further damaged in the amount of $1,000 for work and labor performed in cleaning up the debris, consisting mainly of tree limbs and brush cut from defendants' land, which were carried onto their land by the flowing water after every rain.

Defendants' answer was a general denial. The jury rendered a verdict for plaintiffs for $1,000 for damages to the land and $500 for damages incident to cleaning up the debris above mentioned. Defendants have duly appealed.

One of the arguments advanced in connection with the verdict for damages to the land is to the effect that there was no evidence of monetary damage to plaintiffs. Since we deem this proposition to be controlling, we will not consider herein the other arguments against this part of the judgment.

It is evident from the record that both parties proceeded in the lower court on the theory that the measure of damages to the land was the difference in the fair market value before and after the acts complained of. The trial court so instructed the jury, and neither party made any objection to this instruction.

A close examination of the record herein reveals that there is a total absence of testimony as to the value of the land after the acts complained of. It is true that one of the plaintiffs testified that the land is now valueless for agricultural purposes, but when asked to state the fair market value for any purpose, he could not do so. He admitted that it might be valuable for building or business purposes.

Under such circumstances the following rule is applicable:

"The burden of proof in a cause of action for damages for injury to real property rests upon the plaintiff, and he must prove every essential fact to establish his cause of action, including the basis upon which a jury may calculate the financial detriment." Oklahoma City v. McAllister, 174 Okl. 208, 50 P.2d 361.

Defendants apply the same argument (that the amount of damages was not shown) to that part of the verdict awarding

530

plaintiffs $500 for damages incident to the cleaning up of the debris washed from defendants' land onto plaintiffs' land. However, the record shows that a plaintiff testified "Well, I wouldn't clean it up for $1,000 and go through what I have." This testimony was in answer to a question as to the amount of damages sustained in dollars and cents. It was competent evidence and was uncontradicted, and was sufficient to serve the jury as a basis for computing the amount of damages in that regard. The following rule therefore applies:

"Where, in actions at law, disputed questions of fact are submitted to the jury, the jury's verdict and judgment based thereon will not be disturbed on appeal where there is any evidence reasonably tending to support it." Eden v. Vloedman, 202 Okl. 462, 214 P.2d 930, 932.

The judgment of the trial court is affirmed as to that part awarding $500 for damages incident to removing the debris, and is reversed as to that part awarding $1,000 for damages to the land.

CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., concurs in part; dissents in part.

JOHNSON, V. C. J., and WELCH and ARNOLD, JJ., dissent.