47 N.J. Super. 279 (1957)
135 A.2d 873
CATHERINE KING AND CHARLES KING, PLAINTIFFS-APPELLANTS,
v.
THOMAS JONES AND NORMAN W. STOTT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1957.
Decided November 7, 1957.
*281 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Joseph Butt argued the cause for appellants.
Mr. William K. Miller argued the cause for respondent Thomas Jones (Mr. Albert M. Neiss, attorney).
Mr. John F. Ryan argued the cause for respondent Norman W. Stott (Messrs. Ryan & Saros, attorneys).
GOLDMANN, S.J.A.D.
This is an action for damages by Mr. and Mrs. King who were passengers in an automobile driven by defendant Jones which ran into the rear of an automobile driven by defendant Stott. The jury returned a verdict of no cause of action in favor of both defendants, and plaintiffs appeal from the resultant judgment.
The facts are simply stated. On Saturday evening, October 24, 1953, Jones and his wife invited plaintiffs to attend a dance at the Three Towers Inn, South Somerville. They drove there in Jones' car, arriving between 10 and 11 P.M. When it came time to leave at about 1 A.M. Jones found he had misplaced the keys to his car. He arranged for the use of an automobile belonging to one Westbrook, and told plaintiffs to get into the car. Jones drove, Mrs. King sat beside him, and Mr. King and Westbrook sat in the rear seat. (Mrs. Jones seems to have disappeared somewhere in the course of these events; the greatly abbreviated record makes no further mention of her.) The road was a two-lane highway and it was rainy.
Jones testified he was driving between 25 and 30 miles an hour when he suddenly noticed defendant Stott's car stopped directly ahead of him in the driving lane and without lights. He says he applied his brakes but skidded into the back of the car. The impact was described as "medium"; the damage was minimal. A state trooper arrived soon after. Jones told him he had not noticed the car in front and, in answer to an inquiry as to whether he had been drinking prior to the accident, said that he had had three beers. *282 (Jones denied this; his version was that he said he had had only one bottle of beer.) The trooper testified there was no question in his mind that Jones was not intoxicated, and accordingly there was no need for an examination. However, he issued a summons for following too closely, a charge to which Jones subsequently pleaded guilty in municipal court.
Mrs. King testified that Jones was travelling at between 35 and 40 miles an hour when she suddenly saw the Stott car some 25 feet in front and moving very slowly. Jones did not slow down; she did not notice what effort he made to avoid the accident  "it all happened so quickly." Her head hit the windshield and her chest the dashboard. She also suffered injuries to her left knee and right hand.
Mr. King testified he did not see the accident. He had been talking to Westbrook in the back seat, and the only thing he knew was when the cars hit. Stott's testimony was that he was driving along at from 35 to 40 miles an hour when he saw some one walking on the side of the road and slowed down slightly. He saw bright lights coming up behind him at "a great rate of speed" and then the collision occurred.
At the close of all the evidence plaintiffs moved to strike the defense of contributory negligence raised by both defendants, and requested the court to rule that they were Jones' invitees. Both motions were denied. In his charge the trial judge left the issues of contributory negligence and plaintiffs' status as invitees for jury determination. Plaintiffs' attorney promptly entered formal objection to the charge of contributory negligence.
The principal ground of appeal is that the trial judge erred in refusing to strike the affirmative defense and permitting the issue of contributory negligence to go to the jury. We agree that the judgment must be reversed on this ground and the cause remanded for a new trial.
In resisting plaintiffs' motion to strike the defense of contributory negligence, defense counsel made the argument  and this was addressed only to Mrs. King's claim  that *283 she should have put her hand on the dashboard or taken some other measure to avoid injury. This argument was absurd on its face and is not even mentioned on the present appeal. Any attempt to protect herself in the split second she had to think might or might not have minimized Mrs. King's injuries, but this has little bearing on the question of contributory negligence. Kinder v. Erie R. Co., 109 N.J.L. 469 (E. & A. 1932).
Defendants now argue for the first time that plaintiffs knew, or in the exercise of reasonable care should have known, that defendant Jones was under the influence of liquor and incapable of operating the vehicle safely. They therefore contend that the question of whether or not plaintiffs were guilty of contributory negligence was properly submitted to the jury. In support they cite Petrone v. Margolis, 20 N.J. Super. 180 (App. Div. 1952), and Bowman v. Central R. Co. of New Jersey, 27 N.J. Super. 370 (App. Div. 1953). In both these cases there was very substantial evidence from which a jury could conclude that the driver of the car, to the knowledge of the passenger, was intoxicated to the point where driving in such a condition would be dangerous. In Petrone defendant had consumed a considerable quantity of beer and was "a little high" and boisterous. In Bowman the driver had drunk eight glasses of whiskey.
Although the matter is presented as one of contributory negligence, we observe that defendants' argument proceeds along the line of assumption of risk. We do not stay to discuss the distinction; it is without any significance in the present circumstances. The fact remains that the burden of proving the affirmative defense was upon defendants, and they did not meet it.
The most that can be said here is that Jones had three beers. The state trooper flatly said that in his opinion Jones was not intoxicated. There was no evidence whatsoever to indicate that Jones was in the slightest degree intoxicated or not fully in control of his faculties while driving the car. Assuredly, where the evidence warrants it, the question of contributory negligence or assumption of risk *284 where one rides with a driver allegedly under the influence of liquor is for the jury. Bowman v. Central R. Co. of New Jersey, above; Petrone v. Margolis, above; Sothern v. Vandyke, 114 N.J.L. 1 (E. & A. 1934); Zito v. Ingersoll, 7 N.J. Misc. 893, 147 A. 400 (Sup. Ct. 1929). But in each of these cases there was concrete evidence of the driver's intoxicated state. No such proof was adduced here. The testimony as to Jones having had three beers amounts to hardly more than a scintilla of evidence to support defendants' theory of intoxication. The "mere scintilla" rule does not prevail in this State. Riley v. Weigand, 18 N.J. Super. 66, 71 (App. Div. 1952).
Further, we may observe that Jones did not take the position, either in his pleadings, in the pretrial order or at the trial, that he was under the influence of liquor. He may not therefore urge on this appeal a defense necessarily premised upon that factual postulate.
We find nothing in the truncated record presented for our consideration that would establish contributory negligence or assumption of risk in any other aspect of the proofs.
The question of contributory negligence (or assumption of risk as defendants now spell it out) was one of law to be decided by the trial court. It erred in denying plaintiffs' motion to strike the affirmative defense and in submitting the issue to the jury.
The foregoing makes it unnecessary to discuss (except in the single aspect about to be mentioned) the other grounds of appeal raised by plaintiffs, viz: (1) errors in the trial court's charge; (2) improper conduct of counsel for defendant Jones which prevented a fair trial; (3) prejudicial remarks by the trial judge; and (4) the verdict was against the weight of the evidence. Plaintiffs do not in their brief charge plain error, and we find none. R.R. 1:5-3(c), 2:5.
Plaintiffs quote nine excerpts from the charge as a basis for their claim of prejudicial error. They objected to only one of these, and aside from their objection to the charge on contributory negligence, were satisfied to seek the protection of an omnibus objection. It is rather late in the *285 day to call attention to the fact that a general objection no longer suffices. Under R.R. 4:52-1 "No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection." Read in the context of the entire charge, we find no error in the specific portions upon which plaintiffs rely. Vadurro v. Yellow Cab Co. of Camden, 8 N.J. Super. 208 (App. Div. 1950), affirmed 6 N.J. 102 (1950).
We find nothing materially prejudicial in the remarks of the trial judge which now meet the criticism of plaintiffs.
Plaintiffs present four excerpts from the record in an attempt to show that the conduct of Jones' attorney was improper and prejudiced their case. We appreciate that counsel, especially in a trial as long as this one, are often carried away by the tensions of the moment. However, that does not excuse personal remarks about the motives of opposing counsel in objecting to questions, or reflecting upon his conduct of the case, as happened here. In a measure, plaintiffs' attorney provoked these remarks by addressing himself directly to defendants' attorney during the examination of witnesses. Counsel should never address each other by way of objections to questions put to witnesses. All objections should be made to the court; they should be short and succinct, and above all they should not contain declamations which may have the effect of warning a witness on cross-examination, or perhaps suggesting the proper answer to him. Some of the remarks to which plaintiffs object are subject to criticism on these grounds. The trial judge should have promptly interfered to prevent or cut short these unseemly exchanges. However, fairly assessing the episodes complained of, we do not consider that they establish a ground for reversal. Contrast Kulodzej v. Lehigh Valley R. Co., 39 N.J. Super. 268 (App. Div. 1956); Haid v. Loderstedt, 45 N.J. Super. 547 (App. Div. 1957).
For the error first hereinabove mentioned, there must be a reversal and a new trial.