**Robert S. SMITTLE, Plaintiff in Error,**
v.
**James H. ILLINGSWORTH,**
**Defendant in Error.**
No. 39694.

Supreme Court of Oklahoma.
July 3, 1962.

79

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp and O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Werner & Childers, Tulsa, for defendant in error.

JACKSON, Justice.

This litigation was occasioned by a motor vehicle collision occurring on March 8, 1957, at approximately 10:00 p. m. While driving his 1947 Chrysler automobile west

on Pine Street in Tulsa, Oklahoma, James H. Illingsworth—plaintiff below and defendant in error on appeal—was struck by a 1956 Chevrolet car travelling in the opposite (easterly) direction. The collision took place on Pine Street a short distance east of Lynn Lane Road. Plaintiff, who sought damages for injuries sustained in this accident, instituted the present action against Bill Burrell and Robert S. Smittle, alleging, among other things, that he was struck by a 1956 Chevrolet automobile, being driven at that time "by one or the other" defendant "over the centerline" (of Pine Street) and "at a reckless, excessive rate of speed". The trial court discharged the jury after sustaining a demurrer to the evidence interposed by each of the defendants. On plaintiff's motion a new trial was allowed as against defendant Smittle only. This is an appeal by Smittle who complains of error in granting a new trial. The correctness of the lower court's decision, insofar as it affects defendant Burrell, is not challenged and does not concern us on this appeal. Our reference to the parties before us will be by their names or designation below.

Defendant asserts there was error in allowing plaintiff a new trial. His chief argument is that plaintiff's evidence utterly failed to identify him as the driver of the 1956 Chevrolet automobile at the time of the collision in question. While there is no direct proof on this point in controversy, the record discloses testimony that defendant did in fact drive the Chevrolet car and remained continuously in the driver's seat from the moment the car left Cotton's Drive-Inn on East Admiral at 8:00 p. m. on the evening of the accident up to a point of time when that car, while still in motion, was proceeding on Pine Street in an easterly direction or toward the scene of the accident. During the entire interval between leaving Cotton's Drive-Inn and arriving on Pine Street defendant and three other known occupants of the car in question were on a "joy ride" or to use the language of the witness "just went out in the country side * * * riding around on the roads".

Defendant takes the position that this testimony lacks probative value to show that he was in fact operating the car when the collision occurred. He also urges that plaintiff cannot invoke the so-called presumption of the continuance of an existing condition, because this rule is applicable only to matters which are reasonably static in nature and not to ephemeral matters such as the operation of a car by a teenager. See in this connection, 31 C.J.S. Evidence § 124, p. 736 and cases cited therein.

As we view defendant's argument, he is confusing a presumption of law with one of fact. A presumption of law is a mandatory deduction which the law expressly directs to be made from particular facts, while a presumption of fact is synonymous with "that mental process by which the existence of one fact is inferred from proof of some other fact or facts with which experience shows it is usually associated by succession or coexistence". Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 69, 32 A.L.R. 1490; Wigmore on Evidence, 3rd Ed., § 2491, p. 288; 31 C.J.S. Evidence § 116, p. 726. Reduced to its articulate simplicity, the question before us is whether the testimony as outlined may warrant, as a matter of law, a legitimate and rational inference that defendant was the driver of the Chevrolet car, or is too remote in terms of time or place to furnish a basis for such deduction.

There are several decisions from other jurisdictions in which the courts sustained verdicts based on similar circumstantial evidence concerning the identity of the defendant as the operator of the car at the time of the collision. Claussen v. Johnson's Estate, 224 Iowa 990, 278 N.W. 297, 298; Flick et al. v. Shimer, 340 Pa. 481, 17 A.2d 332, 334; Bowman v. Central R. Co. of New Jersey et al., 27 N.J.Super. 370, 99 A.2d 423, 425; Morgan v. Peters, 148 Pa.Super. 88, 24 A.2d 644, 645; Erickson v. Paulson, 251 Minn. 183, 87 N.W.2d 585, 587. In the last cited case we find the language of

the court especially appropriate in the case at bar:

"There is no dispute that decedent was driving as the party left Elbow Lake. Elbow Lake is but 14 miles from Hoffman where the accident occurred. No one testified that the car stopped again, or that anyone else got in the driver's seat. We have held that, where the owner of a car had expressly authorized his son to drive it, and the son, accompanied by a passenger, had been seen driving it shortly before an accident in which the passenger was killed, the jury might properly conclude that the son, who had disappeared after the accident, had been driving when the accident occurred. Nicol v. Geitler, 188 Minn. 69, 247 N.W. 8. Thus the jury here could have determined that decedent was driving at the time of the accident, but certainly, when all the evidence is considered, it was not compelled to do so as a matter of law."

In the case at bar, there is testimony that defendant did not "relinquish" the driver's seat between 8:00 p.m. on the evening of the accident and the point of time when the car, still in motion, was but one mile from the scene of the accident. Although the evidence does not indicate the precise time at which the Chevrolet car reached the point one mile west of Lynn Lane Road, it is not unreasonable to deduce from the evidence that the party drove around "in the country side" for nearly two hours after departing from Cotton's Drive-Inn and stopping "at a friend's house" who was supposed to have a teenage party.

The question of whether evidence is so remote in terms of time or place as to be entirely lacking in probative force must be controlled by the usual state or nature of things sought to be proved thereby or deduced therefrom and by the particular circumstances of the case. The trial judge is clothed with wide discretion in determining such question. Ordinarily remoteness affects only the weight of the evidence rather than its admissibility or sufficiency

to support a verdict. Eden v. Vloedman, 202 Okl. 462, 214 P.2d 930, 933; Moiola v. Paggi et al., 5 Cal.App.2d 279, 42 P.2d 331, 332.

From our examination of the record and measured by the cited authorities we cannot conclude, as a matter of law, that the evidence concerning defendant's identity as the driver of the car was insufficient as a basis for a legitimate inference that he was operating the Chevrolet automobile at the time of the collision with plaintiff's car.

The essential elements necessary to establish a cause of action based on negligence may be inferred from all the facts and circumstances, and where the circumstances are such as to remove the case from the realm of conjecture and place it within the sphere of legitimate and rational inferences from established facts, a prima facie case is made. Towery v. Guffey, Okl., 358 P.2d 812.

Neither can we agree with the defendant that the evidence did not establish a prima facie case of negligence. Plaintiff testified that he was struck by the Chevrolet car while on his side of the center line. The operation of a motor vehicle on the wrong side of the highway, in violation of the statute, 47 O.S.1951 § 121.4, constitutes prima facie evidence of negligence. Clark v. Hawkins, Okl., 321 P.2d 648. While there was also proof that the collision did not take place in the north-bound (plaintiff's) lane of traffic, such proof should have been disregarded in passing upon defendant's demurrer to the evidence. All facts which the evidence tends to prove in the slightest degree and all inferences or conclusions which may reasonably and logically be drawn therefrom, stand admitted by a demurrer to the evidence, and the *trial court cannot weigh conflicting evidence,* but must treat as withdrawn from his consideration all evidence which is most favorable to the demurrant. Thompson v. Walton, Okl., 297 P.2d 1084, 1086; King Auto Service v. Hodges, 143 Okl. 260, 288 P.2d 483, 484; see also, Bryan v. Hough, Okl., 365 P.2d 124; Dunham v.

**82**

Jackson, Okl., 349 P.2d 737; City of Enid v. Reeser, Okl., 355 P.2d 407, 410.

Defendant seems to indicate that there was error in allowing a witness to testify concerning the speed of the Chevrolet car some 500 feet west of the scene of the accident. Since this case will have to be retried, we call defendant's attention to our recent decision in Boyd v. Midland Cooperatives, Inc., wherein we held, Okl., 364 P.2d 670:

> "The admission of evidence concerning the manner of driving an automobile shortly prior to the time of an accident rests largely in the discretion of the trial court."

■ Our examination of the entire record impels us to the conclusion that the trial court granted a new trial for the express purpose of correcting an error which he perceived to have committed in the progress of the trial. We cannot say that the trial proceedings were free from errors cognizable by law and that the parties did have a fair trial. There is no abuse of judicial discretion in granting a re-examination of fact issues, where it appears from the examination of the entire record that the trial court erroneously sustained a demurrer to the evidence of the plaintiff. Cartwright v. Ries, Okl., 270 P.2d 957, 958; Chap-Tan Drilling Co. et al. v. Myers, 203 Okl. 642, 225 P.2d 373; see also, Holland v. Sears, Okl., 348 P.2d 538; Houston v. Pettigrew, Okl., 353 P.2d 489; Ogletree v. Marcus, Okl., 361 P.2d 689. In the last cited case we held:

> "This Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made."

The trial court's order allowing plaintiff a new trial as against defendant Smittle is accordingly affirmed.